**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Bruce YOUNG, Defendant–Appellant.**

**No. 57649.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1990.

Application to Transfer Denied
Feb. 7, 1991.

Ernest L. Keathley, Jr., St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals after his conviction by a jury of attempted sodomy. He was sentenced by the court to serve a term of two years. This sentence was to be served consecutively to a previous sentence for rape. We affirm.

Defendant was tried for rape and sodomy. He was convicted of the charge of rape but the jury was unable to agree as to the sodomy charge. He appealed his conviction and we affirmed. *State v. Young*, 781 S.W.2d 212 (Mo.App.1989). He was retried on the sodomy charge and found guilty of attempted sodomy. The general facts were stated in our first opinion and many of the same issues were raised there as are raised here. Because of the submissibility issue we state the facts in more detail.

The evidence reveals that on a Saturday afternoon in January, 1988, the 9 year old victim, O.H., was playing in Bellefontaine Park with her friend L. and L.'s two cousins. O.H. entered the woman's restroom at the park, pulled down her pants and sat on the stool. Before she had finished using the facilities, a young man entered the restroom, pushed her to the floor, and laid on top of her. At one point his private parts touched her private parts and at another touched her mouth. L. entered the restroom and observed O.H. struggling

with the young man. O.H. escaped but told no one except L. about the attack because she said the man had threatened her. Eventually L. told a schoolmate who told school authorities who called police after talking to O.H. and her mother.

During one of the interviews with police O.H. said she had seen the man who attacked her chasing four of her friends from school down the street a few blocks from her home. The police learned that the man's name was Bruce from some of these friends. From that the police developed a suspect and a photographic lineup was prepared. O.H. identified the defendant's picture as that of her assailant.

Defendant was arrested and given his Miranda rights. He lived within walking distance of the park. He first claimed that he had been out-of-town visiting relatives and working for an auto salvage or auto dealership in Illinois. He was informed of his Miranda rights again and signed a waiver. The waiver indicated that he did not want a lawyer. The arresting officer told him he was being arrested for the rape of a young girl in the restroom at the park. He gave an oral statement to the officer. During his statement defendant admitted being in the park and admitted having sexual contact with a young girl who he thought was about 12 years old. He asserted that the girl was the aggressor. He later gave a taped interview during which he said he was wearing red sweatpants. L. had told police that the assailant she saw had red clothes on.

Defendant claims the court "erred in denying his motion for acquittal because there was no corroboration of the testimony of the alleged victim." This court said in *State v. Koonce*, 731 S.W.2d 431 (Mo.App.1987),

"corroboration of the testimony of a complaining witness in a rape or sodomy case is not mandated unless the victim's testimony is so contradictory and in conflict with the physical facts, surrounding circumstances and common experience so that the validity of such testimony is rendered doubtful. Barring gross incon-

**380**

sistencies and contradictions, a resolution of conflicts in the evidence and the determination of the credibility of the witness are a matter for the jury to determine." *Id.* at 439.

Defendant argues that the victim's testimony must be disregarded because of her previous statements in which she insisted that the incident did not occur. Defendant also cites certain conflicts in her testimony with other state witnesses and her own testimony at the previous trial. There were inconsistencies in her testimony about minor factual details. However, other than her initial denial that the assault had occurred, her testimony as to what happened during the assault was consistent. In any event, a resolution of these contradictions was for the jury. In addition, this is not a case where the witness's testimony was totally uncorroborated. L.'s testimony and the statements of defendant supply corroboration of the victim's testimony.

■ Defendant also challenges the sufficiency of the evidence presented and claims that it did not support a conviction of attempted sodomy. "A person commits the crime of sodomy if he has deviant sexual intercourse with another person to whom he is not married who is less than 14 years old." § 566.060.3, RSMo 1986. "Deviant sexual intercourse" is defined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." § 566.010.1(2), RSMo 1986. A person is guilty of an attempt to commit an offense when "with the purpose of committing the offense he does any act which is a substantial step toward the commission of the offense." § 564.011, RSMo 1986. The facts stated above clearly support defendant's conviction.

We have examined defendant's other complaints and find them to be without merit. Most of them were resolved against him in the appeal on the rape charge. Judgment affirmed.

STEPHAN and CRANE, JJ., concur.